MILLER *v.* MILLER ET AL.

[No. 3,684. Filed April 17, 1901.]

LIMITATION OF ACTIONS.—*Wills.*—One who accepts the benefits and provisions of a will, by the terms of which he was released from the payment of interest for a stated time upon a mortgage held by the testator against him and his real estate, is estopped fron setting up the statute of limitation during such period against the mortgage

From the Dearborn Circuit Court.   *Affirmed.*

*W. R. Johnson,* for appellant.

Roby, J.—The appellant, Daniel H. Miller, was the owner of certain real estate in the city of Lawrenceburg. His wife, Caroline M. Miller, was the daughter of Johann J. Hauck.   Said Hauck held a mortgage upon said real estate to secure two notes, one for $500, dated August 30, 1869, due ninety days after date, and one for $5,675.45, dated February 1, 1876, and due in one year from date, all with interest.   On the last named date appellant and his wife executed a mortgage on said real estate to said Hauck to secure the indebtedness evidenced by said notes.   October 28, 1879, Johann J. Hauck made his will, and in February, 1880, died.   The will was duly probated and is in full force.

The fourth item of this will was in the following words: "Item four.   I give, devise, and bequeath to my wife in trust for and for the sole use and benefit of my daughter, Caroline M. Miller, and her children, now and hereafter to be born, the mortgage claim which I have against her and her husband, Daniel H. Miller, and the property they live on on the north corner of High and Vine streets, including everything on the lot, in the city of Lawrenceburg aforesaid. I release them from the payment of all interest now due, or to become due hereafter upon the principal of the debt so long as they remain husband and wife and live together as such, but mean to keep the principal alive for the use and benefit of my said daughter and her said children as heretofore expressed during the lifetime of my said daughter, and in case she die before her husband, for the use and benefit of their [her] children."

Appellant brought this action in the Dearborn Circuit Court setting up the aforesaid facts, averring that the will was executed without his knowledge, that he never consented to any change in the terms of the notes or mortgage, that he

never agreed that the notes or mortgage should be kept alive for the benefit of anyone, and that the same were, before the commencement of the action, fully barred by the statute of limitations. Wherefore, he prayed that his title be quieted and the mortgage be canceled. His wife, Caroline, her children, and Anna M. Hauck, the trustee named in said item, were made defendants.

It is set up by way of answer and also by cross-complaint that at the death of Johann J. Hauck there was $1,700 interest due on the notes; that appellant had notice of the provisions of said item four of the will at once upon its probate; that he accepted its terms; that he paid no further interest, made no provisions therefor, did not pay or offer to pay any part of the principal, and that by virtue of such item of said will he has received a substantial benefit; that he at no time informed the trustee that he would not accept the provisions made in his favor; that she at all times believed that he was accepting said provision, and not paying or offering to pay either principal or interest for that reason; that he affirmatively recognized and accepted the provisions of the will; that he requested said trustee at different times to postpone the priority of said mortgage in favor of others that he wished to execute; that he frequently affirmed that the will released him from the payment of interest; and that by reason of such acts no steps were taken to enforce the mortgage, and no action instituted thereon. The facts set out in the answer, as thus summarized, were established by the evidence without any controversy, and found by the court.

The question presented for decision is whether appellant is entitled to have the mortgage canceled and his title quieted by reason of the statute of limitations having run in his favor.

Item four contains a clear and easily understood proposition. The holder of the mortgage and notes by it said, in

effect, to appellant: I will release you and your wife from the payment of all interest due, and to become due, but the principal must be kept alive, and the time of its payment extended, for the benefit of my daughter and her children. The proposition was not in itself binding upon appellant. It did not put him to an election. Notwithstanding it, he might have paid interest and principal, and as against mere non-payment it would not be effective to stop the running of the statute; but having acceded to and accepted it, having received the benefit therein provided for, and induced the trustee to refrain from the enforcement of the mortgage against him, he is bound by its terms. *Louisville, etc., R. Co.* v. *Flanagan,* 113 Ind. 488, 3 Am. St. 674; *LaBoyteaux* v. *Swigart,* 103 Ind. 596; *Tucker* v. *Tucker,* 113 Ind. 272.

Judgment affirmed.